IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYAH N. SPENCER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:12-cv-01952-P |
| | § | |
| SANTANDER CONSUMER USA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Now before the Court is Defendant's Motion for Summary Judgment filed on October 29, 2012. (Docs. 7-9) Plaintiff filed a Response on January 18, 2013. (Doc. 10) Defendant filed a Reply on January 28, 2013. (Doc. 11) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendant's Motion for Summary Judgment.

### I. Background

In the fall of 2007, Plaintiff entered into a contract to finance the purchase of a 2001 Cadillac Deville. (Doc. 9-1, App. 6-7, 17) The loan required Plaintiff to pay $374.03 each month for 72 months for a total of $26,930.16. (*Id.* at App. 7, 17) Under the terms of the loan, Defendant could repossess and sell the vehicle upon default.[1] (*Id.* at App. 8, 14-15)

Plaintiff admits to defaulting multiple times and executing several extensions and modifications over the course of performance. (*Id.* at App. 9-10, 14-15) Plaintiff even admits to intentionally defaulting on the loan. (*Id.* at App. 11) During a default on or around March 14, 2011, Defendant provided notice and attempted to gain possession of the vehicle through a repossession firm. (*Id.* at App. 15, 31) On March 16, 2011, Plaintiff made a payment. (*Id.*)

---

[1] At least since January 1, 2010, Defendant owned the loan. (Doc. 9-1, App. 13, 15) Upon acquiring the loan, the account was current and not in a status of default. (*Id.* at App. 15)

Consequently, Defendant contacted the repossession firm to terminate the repossession request. (*Id.* at App. 15, 31)  By May 15, 2011, Plaintiff had fallen back into default. (*Id.* at App. 8, 15) After providing notice, Defendant repossessed the vehicle only to later return it upon receipt of payments to bring the loan current. (*Id.* at App. 9, 15)

On June 22, 2011, the vehicle was inadvertently repossessed because a repossession firm mistakenly failed to close Plaintiff's account after terminating a prior request. (*Id.* at App. 31) After notification of the errant repossession, Defendant instructed the firm to return the vehicle. (*Id.* at App. 12, 31)  The vehicle was returned without charge. (*Id.* at App. 31)

On March 23, 2012, Plaintiff filed a *pro se* statement of claim in state small claims court. (Doc. 1-2, p. 2)  In a subsequently filed document, Plaintiff sought recovery for: (1) Fair Debt Collection Practices Act ("FDCPA") violations pursuant 15 U.S.C. § 1692, *et seq.*; (2) breach of contract; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; (5) defamation; (6) declaratory judgment and accounting; and (7) injunctive relief.[2] (*Id.* at 7, 12-16)  Since April 3, 2012, Plaintiff has ceased making payments. (Doc. 9-1, App. 15)  On June 21, 2012, Defendant removed this lawsuit. (Doc. 1)  As recently as November 10, 2012, Defendant provided Plaintiff with an account summary of the loan. (Doc. 9-1, App. 12, 24-29)

---

[2] Although there is a slight ambiguity as to the exact claims that Plaintiff champions, this list represents a best effort to resolve multiple filings in small claims court. The first page of Plaintiff's statement of claim seeks recovery for, *inter alia*, "loss of usage due to illegal repossession," "harassment via telephone," "abuse of fair debt collection act," and "deviation from truth in lending." (Doc. 1-2, p. 1)  In a subsequent filing on June 13, 2012, Plaintiff stated "[t]his is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter 'FDCPA'), 15 U.S.C. § 1692, *et seq.*" (*Id.* at 7)  The allegations later discussed Defendant's role and conduct as a "debt collector." (*Id.* at 8-12)  Liberally construing this claim, Plaintiff properly brings an action under this federal statute. *Cf. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). The document then lists five additional claims with a request for injunctive relief. (Doc. 1-2, pp. 12-16)  Inasmuch as Plaintiff raises other claims, summary judgment is granted against these actions because Plaintiff declines to present any supporting evidence at summary judgment.

Defendant now moves for summary judgment.

**II.     Legal Standard**

Summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must inform the district court of the basis for its belief that there is an absence of a genuine issue of fact and identify those portions of the record that demonstrate such absence. *See Celotex*, 477 U.S. at 323.

Once the moving party makes an initial showing, the party opposing the motion must come forward with competent summary judgment evidence showing genuine issues of fact exist for trial. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The nonmoving party must provide specific facts demonstrating a genuine issue of material fact such that a reasonable jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 249-50. In other words, conclusory statements, speculation, and unsubstantiated assertions will not defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc); *see also Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence." (citing *Celotex*, 477 U.S. at 324)). Furthermore, a court has no duty to search the record for evidence of genuine issues. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Regarding evidence, "[a]n affidavit or declaration used to support or oppose a motion for summary

judgment *must* be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added).

For those parties who do not carry the burden of proof at trial, they can meet their summary judgment obligation by pointing the court to an absence of evidence to support the pleadings. *See Celotex*, 477 U.S. at 325. Should that party succeed in establishing an absence of evidence to support a claim, the nonmoving party must then go beyond her pleadings and designate specific facts that show genuine issues exist for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the [party's] favor." *Jimenez v. Head Start of Greater Dall., Inc.*, No. 3:09-CV-0239-D, 2010 U.S. Dist. LEXIS 47049, at *2-3 (N.D. Tex. May 13, 2010); *see also Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 623 (N.D. Tex. 2007). If the nonmoving party fails to meet this burden, summary judgment is mandatory. *Little*, 37 F.3d at 1076.

Where, as here, state law claims are present, federal courts apply state substantive law and federal procedural law. *Cf. Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). If no state court decisions control, a federal court must make an "*Erie* guess" as to how the high state court would apply the substantive law. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008)).

### III. Discussion

Defendant moves for summary judgment against Plaintiff's claims for: (1) FDCPA violations; (2) breach of contract; (3) intentional infliction of emotional distress; (4) negligent

infliction of emotional distress; (5) defamation; (6) declaratory judgment; and (7) accounting.[3] (Doc. 8, pp. 5-11; Doc. 11, pp. 1-2)

### a. FDCPA Violations

First, Defendant moves for summary against Plaintiff's FDCPA claim because it was acting as a creditor and *not* a debt collector at all times relevant to this lawsuit. (Doc. 8, pp. 5-6) To trigger liability under the FDCPA, a debt collector must engage in a statutorily defined bad act. *See* 15 U.S.C. §§ 1692b-1692i (West 2012); *Garrett v. Derbes*, 110 F.3d 317, 317-18 (5th Cir. 1997) ("The Fair Debt Collection Practices Act prohibits a 'debt collector' from making false or misleading representations and from engaging in various abusive and unfair practices."). Under the FDCPA, a debt collector is "any person . . . who regularly collects or attempts to collect, *directly or indirectly*, debts owed or due or asserted to be owed or due another." § 1692a(6) (emphasis added).[4] A debt collector does not automatically include a consumer's creditor where, as here, the debt was not in default at the time it was assigned. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted* in 1977 U.S. Code Cong. & Ad. News 1695, 1698.)).

---

[3] Plaintiff's Response to Defendant's Motion for Summary Judgment consisted of a letter with three paragraphs. The first paragraph stated that Plaintiff initially filed this lawsuit in small claims court, seeking to recover losses stemming from "harassment, truth in lending violations, and illegal repossession." (Doc. 10) Plaintiff further discussed her efforts to seek representation to alleviate unfairness. (*Id.*) In the second paragraph, she alleges that Defendant has not sent a detailed list of fees and charges as requested. (*Id.*) In the final paragraph, Plaintiff contends that Defendant "still has not provided a just cause on why [her] vehicle was repossessed after payment was made two weeks prior." (*Id.*) Her evidence ends here. Further, Plaintiff never obtained representation during the pendency of this lawsuit.

[4] Although entities who are not debt collectors may also be liable under the FDCPA for distributing deceptive forms, the pleadings are devoid of allegations to suggest this sort of activity. *See* 15 U.S.C. § 1692j (West 2012).

Although the record demonstrates that Defendant indirectly attempted to collect consumer debt via repossession firms, the evidence at summary judgment fails to establish that Defendant committed a statutorily-defined bad act during debt collection. In particular, Plaintiff fails to present evidence of impermissible communication, harassment or abuse, false or misleading statements, unfair practices, or debt validation shortcomings. *See* §§ 1692b-1692g. At best, the record appears to reflect an inadvertent repossession without Defendant's knowledge that was later corrected. Plaintiff does not demonstrate how this act or any other perceived wrongdoing connects with a federal statutory violation. Although the allegations may suggest false statements or deceptive acts, at this stage in the litigation, Plaintiff must come forward and present competent summary judgment evidence to support her lawsuit. Whether a debt collector or not, Defendant cannot be liable without evidence to suggest something was amiss during debt collection.

In short, summary judgment is granted against Plaintiff's FDCPA claim.

### b. Breach of Contract

Second, Defendant moves for summary against Plaintiff's breach of contract claim. (Doc. 8, pp. 6-7) "[T]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Generally, a party in default cannot maintain a suit in contract. *See Enis v. Bank of Am.*, N.A., No. 3:12-CV-0295-D, 2012 U.S. Dist. LEXIS 143217, at *8 (N.D. Tex. Oct. 3, 2012) ("Under Texas law, 'a party to a contract who is himself in default cannot maintain a suit for its breach.'" (quoting *RE/MAX of*

*Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 56, 138 S.W.2d 1065, 1068 (1940)))).

Plaintiff's breach of contract claim fails on three fronts. First, the record aptly supports the position that Plaintiff was in default both intentionally and unintentionally at different points during the payment history. Thus, the element of performance tenuously rests on shaky ground without supporting evidence in favor of Plaintiff. Second, Plaintiff cannot show how the acts on record contravene the contract at issue. Despite the inadvertent repossession of a vehicle later returned without charge to a continually defaulting party, Plaintiff fails to show through evidence how Defendant breached any agreement or acted unlawfully. (*See* Doc. 1-2, p. 20) Finally, Plaintiff declines to present evidence of damages stemming from any contractually recognized wrongful act. A bare allegation of harm without more cannot survive summary judgment.

In short, summary judgment is granted against Plaintiff's breach of contract claim.

### c. Intentional Infliction of Emotion Distress

Third, Defendant moves for summary against Plaintiff's intentional infliction of emotional distress claim. (Doc. 8, pp. 7-8) To recover for intentional infliction of emotional distress, a plaintiff must establish that:

> (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.

*Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement

(Second) of Torts § 46 cmt. d (1965)). Mere insults, indignities, threats, annoyances, petty oppressions, zingers, or other forms of trash talk are not enough to impose liability. *See GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999).

Considering the record, the evidence does not demonstrate that Defendant engaged in any conduct that could be considered extreme or outrageous and, failing this, Plaintiff has not submitted evidence of emotional distress. All told, summary judgment is proper against Plaintiff's claim for intentional infliction of emotional distress.

### d. Negligent Infliction of Emotion Distress

Fourth, Defendant moves for summary against Plaintiff's negligent infliction of emotional distress claim. (Doc. 8, p. 9) Excluding bystander recovery theories, Texas does not recognize an independent action for negligent infliction of emotional distress. *See United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541 (Tex. 1998); *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). Given that bystander liability is inapposite to this lawsuit, summary judgment is granted against Plaintiff's claim for negligent infliction of emotional distress.

### e. Defamation

Fifth, Defendant moves for summary against Plaintiff's defamation claim. (Doc. 8, p. 9) Where, as here, the plaintiff is a private figure, she must show: (1) the defendant published a statement; (2) concerning the plaintiff that was defamatory; and (3) the defendant was negligent as to the truth of the statement. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) ("To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement.").

Upon consideration, the evidence fails to demonstrate that Defendant published a false statement. Throughout the loan history, Plaintiff fell into repeated default and even admitted as much. Without more, the evidence fails to suggest that Defendant conveyed information that could be construed as false. Even the mistaken repossession of the vehicle was made in error by a third party without prior knowledge by or concert with Defendant. As Plaintiff fails to present evidence to establish a published false statement, summary judgment is granted against Plaintiff's defamation claim.

### f. Declaratory Judgment

Sixth, Defendant moves for summary against Plaintiff's request for declaratory relief. (Doc. 8, pp. 9-11) Plaintiff seeks a declaration that she is current on the loan and that she is the rightful owner of the vehicle. (Doc. 1-2, pp. 15-16) Under the Declaratory Judgment Act,

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (West 2012). Declaratory relief is discretionary and only appropriate in certain cases. *See Centennial Life Ins. Co. v Poston*, 88 F.3d 255, 256 (4th Cir. 1996); *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) ("[The] decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court.").

A federal court has the power to hear a declaratory judgment action *only if* there is: (1) subject matter jurisdiction, and (2) an actual controversy. *See* § 2201(a); *Hashemite Kingdom of Jordan v. Layale Enters.*, 272 F.3d 264, 270 (5th Cir. 2001) ("On the other hand, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction."). Where, as here, subject matter

jurisdiction is not disputed, the analysis gravitates to whether an actual controversy exists. (Doc. 1, pp. 1-2; Doc. 1-2, pp. 1, 7); *see also* 28 U.S.C. § 1331 (West 2012) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Declaratory relief must resolve an actual controversy between the parties. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)). An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation and quotation marks omitted). The controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). The filing party has the burden of establishing the existence of an actual controversy. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Declaratory judgment is principally a form of relief for an underlying claim. *Val-Com Acquisitions Trust v. Citimortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant."); *see also Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). As such, the viability of a declaratory judgment action is essentially tethered to the underlying causes of action in the lawsuit. *See Val-Com Acquisitions Trust*, 421 F. App'x at 401 ("Once the

district court had dismissed the underlying TILA and RESPA claims, there were no claims for which the district court could grant declaratory relief.").

Upon review, Plaintiff is unable to muster an underlying cause of action or cobble together supporting evidence to warrant a ruling in her favor. As summary judgment disposes of all principal causes of action and Defendant presents undisputed evidence that the loan is not current or paid off, a declaration that Plaintiff owns the vehicle is not appropriate.

In short, summary judgment is granted against Plaintiff's declaratory judgment action.

### g. Accounting

Finally, Defendant moves for summary against Plaintiff's claim for accounting. (Doc. 1-2, pp. 15-16; Doc. 8, pp. 9-11; Doc. 11, p. 2)  A request for accounting is equitable in nature and cannot stand alone without a supporting action. *See Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10-CV-02347-L, 2012 U.S. Dist. LEXIS 156500, *107-08 (N.D. Tex. Oct. 31, 2012) ("Plaintiffs' request for an accounting is likewise equitable in nature and does not constitute an independent cause of action. Moreover, the request for an accounting is mooted by the court's rulings as to Plaintiffs' claims."). Where, as here, all underlying causes of action are dismissed at summary judgment, in essence, there is nothing left to account for. *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 627 (N.D. Tex. 2011) ("An accounting also is an equitable remedy that is not an independent cause of action. . . . Thus, Defendants are entitled to judgment as a matter of law.").

Altogether, summary judgment is granted against Plaintiff's accounting claim.[5]

---

[5] In similar fashion, Plaintiff's claim for injunctive relief fades away as an unsupported remedy. When all underlying actions are dismissed, a request for injunctive relief should be dismissed as well. *See Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 U.S. Dist. LEXIS 79189, at *31 (S.D. Tex. June 6, 2012) ("Because Hill has not shown a substantial likelihood of ultimate success on the merits—or even stated a claim for relief—under any cause

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed this 19th day of March, 2013.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

of action, her request for injunctive relief must fail."). As all claims against Defendant have been dismissed pursuant to summary judgment, Plaintiff's request for injunctive relief dies on the vine as a remedy without a supporting cause of action.